UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>LUCKY DOG LLC, D/B/A INDEPENDENT CATALOGUE SERVICES, DESTINY MERCHANDISE LLC D/B/A PREMIUM OPPORTUNITIES & INCENTIVES, PREMIER CAGING SERVICES, MICHAEL SHINE, MEAGAN QUINN SHINE, and MELISSA PINELLI, individually and as officers, employees, and agents of LUCKY DOG LLC, DESTINY MERCHANDISE LLC and PREMIER CAGING SERVICES,<br><br>                Defendants. | Civil Action No.<br>18-CV-668 |

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This matter having come before the Court upon the application of Plaintiff, the UNITED STATES OF AMERICA, for an *ex parte* temporary restraining order pursuant to 18 U.S.C. § 1345; the Complaint; the Declaration of Cory P. McManus, Postal Inspector with the United States Postal Inspection Service ("USPIS"); and the Fed. R. Civ. P. 65(b)(1)(B) Certification of the Attorney for the United States:

WHEREUPON THE COURT, having considered the matter, finds that:

1.     There is probable cause to believe that defendants LUCKY DOG LLC, D/B/A INDEPENDENT CATALOGUE SERVICES, DESTINY MERCHANDISE LLC DBA PREMIUM OPPORTUNITIES & INCENTIVES, PREMIER CAGING SERVICES, MICHAEL SHINE, MEAGAN QUINN SHINE, and MELISSA PINELLI, (collectively, "Defendants") are violating and are about to violate 18 U.S.C. §§ 1341 and 1349;

Case 1:18-cv-00668-WES-PAS   Document 2-3 <font color=teal>(ExParte)</font>   Filed 12/11/18   Page 2 of 5 PageID #: 108

2. The statutory conditions for granting a temporary restraining order under 18 U.S.C. § 1345 are therefore met;

3. Irreparable harm to the public is presumed in actions under 18 U.S.C. § 1345 where the statutory conditions are met. *See United States v. Savran*, 755 F. Supp. 1165, 1179 (E.D.N.Y. 1991). Nonetheless, even though a showing of irreparable harm is not necessary under Section 1345 in order to obtain injunctive relief, permitting the Defendants to continue to perpetrate the alleged extensive mail fraud would constitute irreparable harm. For example, the Defendants' continuing violations have caused and will continue to cause irreparable harm to victims throughout Rhode Island and the United States. Immediate and irreparable injury, loss, or damage, in the form of payments which will be received and dissipated by Defendants, will result to victims before defendants can be heard in opposition; and

4. Defendants' violations will continue unless a temporary restraining order is issued.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345, pending a hearing and determination on the United States' application for a preliminary injunction:

Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them, are temporarily restrained and enjoined from:

  i. committing mail fraud, as defined by 18 U.S.C. § 1341 or 18 U.S.C. § 1349;

  ii. using the United States mail, or causing others to use the United States mail, to send or distribute any advertisements, solicitations, or promotional materials, or to send or receive payments in response to payments in response to any advertisements, solicitations, or promotional materials:

  (a) that represent, directly or indirectly, expressly or impliedly that the recipient has won, will win, is eligible to win, or will receive cash, awards, valuable items, or prizes;

  (b) that represent, directly or indirectly, expressly or impliedly, that the recipient will receive delivery of cash, awards, items of value, or other valuable prizes in return for payment of a fee;

  (c) that offer for sale information regarding sweepstakes or lotteries;

  (d) that represent, directly or indirectly, expressly or impliedly, that the recipient of the solicitation was specifically selected to receive the mailing based on a reason other than the fact that the recipient's name appears on a mailing list;

  (e) that purport to be sent from fictional companies, departments, organizations, or individuals;

  (f) that conceal the names of the actual companies, organizations or businesses sending the solicitation; or

  (g) that contain any other false or misleading representations;

iii. using the United States mail to receive, handle, open, or forward any mail that responds, by sending payment or otherwise, to materials described in Paragraph (ii)(a)-(g), *supra*;

iv. selling, offering for sale, leasing, or offering for lease any lists or mailing lists of any type compiled from individuals who have responded via the United States mail to any of the materials described in Paragraph (ii)(a)-(g), *supra*;

v. performing "caging services" on mail received via the United States mail in response to any of the materials described in Paragraph (ii)(a)-(g), supra, including opening mail received from recipients of the materials described in Paragraph (ii)(a)-(g); entering or inputting data about recipients of the materials described in Paragraph (ii)(a)-(g) into a database or forwarding such data; handling, forwarding, or depositing payments received from recipients of the materials described in Paragraph (ii)(a)-(g), including currency, bank checks, certified checks, money orders, or credit card charge authorizations; or handling or forwarding any mail received from recipients of the materials described in Paragraph (ii)(a)-(g);

vi. performing or engaging in payment processing services on mail and payments received in response to the materials described in Paragraph (ii)(a)-(g), *supra*, including handling, forwarding, or depositing payments received from those responding to any of the materials described in Paragraph (ii)(a)-(g), including currency, bank checks, certified checks, money orders, or credit card charge authorizations;

3

vii. destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by Defendants.

IT IS HEREBY FURTHER ORDERED that, pursuant to 18 U.S.C. § 1345, within two (2) days of defendants' receipt of this Temporary Restraining Order and Order to Show Cause, Defendants shall provide copies of this Temporary Restraining Order and Order to Show Cause to all direct mailers, data managers, list brokers, printer/distributors, mailing houses, caging services, and payment processors with which they do business regarding the materials described in Paragraph (ii)(a)-(g), *supra*, informing them that they are subject to the Temporary Restraining Order as an entity in active concert or participation with Defendants, and within seven (7) days from Defendants' receipt of the Temporary Restraining Order and Order to Show Cause, Defendants shall provide proof of such notice to the Court and the United States, including the name and addresses of the entities and/or individuals to whom the notice was sent, how the notice was sent, and when the notice was sent.

IT IS HEREBY FURTHER ORDERED, pursuant to 18 U.S.C. § 1345, that:

The United States Postal Service is authorized to detain:

i. Any mail matter containing or consisting of envelopes sent in response to any of the materials described in Paragraph (ii)(a)-(g), *supra*, that is directed to any address within the United States, including but not limited to PO Box 6267, Providence, RI;

ii. any of the materials described in Paragraph (ii)(a)-(g), *supra*, and any substantially similar advertisements, solicitations, and promotional materials that are deposited into the United States mail by defendants, their agents, officers, or employees, or any other persons or entities in active concert or participation with them.

IT IS HEREBY FURTHER ORDERED that defendants shall appear before this Court and the Honorable ___William E. Smith___, United States District Judge, in courtroom __3__ at the United States Courthouse, 1 Exchange Terrace, Providence, Rhode Island,

4

02903, on the 21st day of December 2018, at 3 p.m. to show cause why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, as requested by the United States, should not be granted.

IT IS HEREBY FURTHER ORDERED that a copy of this Temporary Restraining Order and Order to Show Cause, together with the Complaint, the McManus Declaration, the Certification of the Attorney for the United States, and the United States' Motion for Injunctive Relief, shall be served upon defendants via personal service or overnight mail on or before the 12th day of December, 2018.

IT IS HEREBY FURTHER ORDERED that defendants shall serve and file any response to the application for a preliminary injunction on or before 12:00 a.m. on December 19, 2018, and that the United States shall serve and file any reply on or before ____:00 a.m. on _____, 2018.

SO ORDERED this 11:55 am hour of the 11th day of December, 2018.

_____
HONORABLE
UNITED STATES DISTRICT JUDGE